IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JONATHAN DEWAYNE LAMBERT                                                    PLAINTIFF

      v.                              Civil No.  13-5222

AMY DRIVER, Prosecuting Attorney;
JUDGE RAY REYNOLDS; and
JUDGE WILLIAM STOREY                                                              DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds *pro se* and *in forma pauperis*.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act.  Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

### 1.  Background

According to the allegations of the complaint, on March 11, 2013, Toni Parani, Plaintiff's public defender, presented paperwork verifying that Plaintiff was incarcerated on a failure to appear warrant and that he was in court that morning in the Washington County Detention Center.  Plaintiff alleges that Amy Driver, the prosecuting attorney, and Judge Ray Reynolds refused to look at the paperwork. Plaintiff states that Judge Reynolds refused to lower his bond or release him.

Then in May of 2013, Plaintiff states his assigned public defender, Autumn Tolbert, had his charges dropped from felonies to misdemeanors. Another public defender filled in for her when he appeared before Judge William Storey. This public defender "refused to take it to trial and said [Plaintiff] was guilty." Plaintiff states Judge Storey ordered him to pay for three public defenders. Plaintiff questions why he is being held responsible for the public defenders when he did not have a chance to fire any of them.

As relief, Plaintiff seeks compensatory and punitive damages. He also would like his fines and costs remitted and his therapy bills at the Ozark Guidance Center paid.

**2. Discussion**

This case is subject to dismissal. First, Amy Driver, the prosecuting attorney, is immune from suit. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430. *See also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity). Based on the allegations of the complaint, it is clear the defendant prosecuting attorney is entitled to absolute immunity. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

To the extent the complaint seeks injunctive relief, we find the claim not cognizable. While the Supreme Court has not held that this immunity insulates prosecutors from declaratory

or injunctive relief, *see Pulliam v. Allen*, 466 U.S. 522 (1984), a plaintiff must show some substantial likelihood that the past conduct alleged to be illegal will recur. Plaintiff can make no such showing here. Further, injunctive relief is not appropriate where an adequate remedy under state law exists. *Id.*, 466 U.S. at 542 & n.22. *See also Bonner v. Circuit Court of St. Louis,* 526 F.2d 1331, 1336 (8th Cir. 1975).

Second, Judge Reynolds and Judge Storey are immune from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). *See also Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

Judicial immunity is overcome in two situations: (1) if the challenged act is nonjudicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11. It is clear from the allegations of the complaint that neither situation applies here.

### 3. Conclusion

Accordingly, I recommend that the complaint be dismissed on the grounds that the claims seek relief against defendants who are immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action may be dismissed on such grounds at any time).

The dismissal of this case will count as a strike under 28 U.S.C. § 1915(g). The Clerk should be directed to place a § 1915(g) strike on this case.

AO72A
(Rev. 8/82)

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 11th day of March 2014.

/s/ *J. Marschewski*
　HON. JAMES R. MARSCHEWSKI
　CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)